[No. 8,163.—Department One.]
November 23, 1882.

## EVA M. DUNN v. D. G. DUNN ET AL.

HABITUAL INTEMPERANCE — DIVORCE. — Under Section 107 of the Civil Code, habitual intemperance, as defined in Section 106 of the same Code, must continue for one year before it is a ground for divorce.
FINDING.—If on that issue there be no finding showing the continuance of habitual intemperance for one year, the judgment will be reversed.

APPEAL by the defendant, D. G. Dunn, from a judgment in the Superior Court of the County of Placer. MYERS, J.

Action against the defendant, D. G. Dunn, for a divorce on the ground of habitual intemperance. The answer of the defendant denied all of the allegations of the complaint relating to intemperance. The case in the Court below was tried before a jury, and upon the question of intemperance two special issues were submitted by the Court to the jury— that is to say: 1. Was the defendant, D. G. Dunn, so addicted

to the use of intoxicating drinks that he was disqualified a great portion of his time from properly attending to business? 2. Was the defendant, D. G. Dunn, guilty of the intemperate use of intoxicating liquors to such a degree as to inflict upon the plaintiff, Mrs. Eva Dunn, a course of great mental anguish? The jury answered both in the affirmative. Judgment was given for the plaintiff. The judgment recited that it was based on the findings of the jury.

*J. M. Fulweiler* and *J. E. Prewett*, for Appellant.

The findings of the jury are insufficient to justify a decree. The first finding does not find that defendant was guilty of habitual intemperance for a period of one year, and defendant might admit the truth of said finding, and yet plaintiff would not, as a conclusion of law therefrom, be entitled to a divorce. The duration of the intemperance is a material issue. The findings must cover all the material issues and support the judgment. (See *Downing* v. *Graves*, 55 Cal. 544; 53 Cal. 88, 300; 16 id. 113; 17 id. 299; 17 id. 511; 19 id. 103.)

In this case the findings are clearly insufficient to support the decree, and they were excepted to by defendant. There can be no implied findings, for: 1. Findings were not waived; 2. There are some findings by the jury, and the Court can not supplement them or add to them, because a jury trial was not waived; and, 3. The decree purports expressly to be founded upon the findings of the jury. (See *Forbes* v. *Hyde*, 31 Cal. 355; *Montgomery* v. *Tutt*, 11 id. 317.)

*Hale* and *Craig*, for Respondent.

To appellant's objection here, that said first and second findings do not embrace the element of time, as provided in Section 107 of the Civil Code, we think this a conclusive answer, viz.: that the terms of each of said issues, *ex vi termini*, embrace all of the elements requisite to constitute intemperance—as a legal cause of divorce.

Taken together, Sections 92, 106, and 107 of the Civil Code define intemperance as a legal cause for divorce. Section 92 prescribes for what causes divorces may be granted, one of which is habitual intemperance. Sections 106 and 107, taken

together, define habitual intemperance, and it is declared to be that degree of intemperance from the use of intoxicating drinks, continued for one year, which disqualifies the person, a great portion of the time, from properly attending to business, or which would reasonably inflict a course of great mental anguish upon the innocent party.

We submit that, in legal intent and effect, by said first and second issues, the Court presented to the jury for answer the one vital question, viz.: Had the defendant been guilty of habitual intemperance (as legally defined), with the result, either as to his business, or upon the mental condition of plaintiff, which would legally justify her in demanding a divorce, and to this question the jury answered that he had been so guilty.

Any other reading of the record is too narrow; is, in fact, to stick in the bark.

The COURT:

The ground relied on by the plaintiff for divorce was the alleged habitual intemperance of the defendant. Section 106 of the Civil Code declares that "habitual intemperance is that degree of intemperance from the use of intoxicating drinks which disqualifies the person a great portion of the time from properly attending to business, or which would reasonably inflict a course of great mental anguish upon the innocent party;" and the following section declares that such intemperance must continue for one year, before it is a ground for divorce. There is in the case before us no finding that the habitual intemperance of which the defendant was found guilty had continued for the period of one year, for which reason we are bound to remand the cause. Judgment reversed and cause remanded for a new trial.